UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD KEAL *et al.*,

Plaintiffs,

v.

THE STATE OF WASHINGTON, *et al.*,

Defendants.

Case No. C05-5737RJB

REPORT AND RECOMMENDATION

**NOTED FOR:
MAY 26TH, 2006**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.

Procedural history

Before the court are four motions for default filed by plaintiffs. (Dkt. # 90, 95, 108, 109). Plaintiffs were granted *in form pauperis* status on December 5th, 2005. (Dkt. # 4).The court ordered

REPORT AND RECOMMENDATION - 1

an amended complaint be filed and plaintiff complied. An order directing service was entered on January 20th, 2006. (Dkt. # 9). The first of the many defendants in this action began accepting service by mail and returning waivers of service in early February of 2006. (Dkt. # 12 through 76). A notice of appearance on behalf of a large number of the defendants was entered on February 28th, 2006. (Dkt. # 55). Defendant Phyllis Ellis answered the complaint on March 6th, 2006. (Dkt. # 77). A scheduling order was entered on March 21st, 2006. (Dkt. # 86). On March 23rd, 2006 defendant Heidi Mallogue filed an answer to the complaint. (Dkt. # 87). That same day plaintiff moved for default against defendant Mallogue. (Dkt. # 90).

## DISCUSSION

Service is not accomplished by the United States Marshal's Office simply by sending a service packet by mail. There is no duty to accept service by mail. If a defendant refuses to accept service by mail the court may order the Marshals to personally serve the defendant and the defendant may be obligated to pay for the cost of service.

No person in this action has been personally served. The defendants who did accept service by mail were allowed an additional amount of time to file an answer. The record reflects all defendants have now appeared and answered the complaint. Defendant Mollogue is an example. The defendant answered the complaint the same day plaintiff moved for default. (Dkt. # 87, and 90). Defendant Mollogue had not appeared prior to filing an answer and was not in default as she had not been personally served.

The doctrine of default is disfavored, and default should be denied where a defendant has cured the alleged default by answering. Plaintiff can show no prejudice in the slight delay in answering. The motions should be **DENIED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed

REPORT AND RECOMMENDATION - 2

by Rule 72(b), the clerk is directed to set the matter for consideration on **May 26th, 2006 2005**, as noted in the caption.

DATED this 21st day of April, 2006.

>*/S/ J. Kelley Arnold*
>J. Kelley Arnold
>United States Magistrate Judge

REPORT AND RECOMMENDATION - 3