UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD AND DEBORAH KEAL,

Plaintiffs,

v.

STATE OF WASHINGTON *et al.*,

Defendants.

Case No. C05-5737RJB

ORDER ON OUTSTANDING MOTIONS

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiffs are proceeding *in forma pauperis.* (Dkt. # 4). Before the court are two motions. Defendant Mallogue seeks to strike plaintiff's responsive pleading to her answer. (Dkt. #123). Plaintiff seeks appointment of counsel. (Dkt. # 127).

Defendant is correct in noting that a responsive pleading to an answer is not allowed under the Federal Rules of Civil Procedure. However, the document will not be struck from the record. The court **ORDERS** the document remain in the file but it will not be considered by the court and may not be cited to by any party.

Plaintiff's motion for appointment of counsel is **DENIED.** Plaintiffs indicate the complaint is complex and raises over 22 legal claims. (Dkt. # 126 and 127). They complain they have limited

ORDER - 1

1  access to legal material and cannot afford counsel.  There is no right to have counsel appointed in
2  cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(d), can request
3  counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional
4  circumstances.  <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>,
5  745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  A finding of
6  exceptional circumstances requires an evaluation of both the likelihood of success on the merits and
7  the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues
8  involved.  <u>Wilborn</u>, 789 F.2d at 1331.

9  Plaintiffs have demonstrated an adequate ability to articulate the claims *pro se*.  Moreover, it
10 appears that this case does not involve exceptional circumstances which warrant appointment of
11 counsel.  Accordingly, Plaintiff's Motion to Appoint Counsel is **DENIED**.

12 The clerk is directed to send a copy of this order to plaintiff and counsel who have appeared
13 in the case and remove docket number 123 and 127 from the courts calendar.

15 DATED this 19th day of May, 2006.

18 */S/ J. Kelley Arnold*
   J. Kelley Arnold
19 United States Magistrate Judge

28 ORDER - 2