UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD KEAL *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | Case No. C05-5737RJB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **JULY 28th, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Defendant Phyllis Ellis has filed a motion to dismiss. (Dkt. # 134). Plaintiff's have responded. (Dkt. # 141). Defendant Ellis has replied. (Dkt. # 143). This motion is ripe for review.

While other defendants have filed motions to dismiss and motions for judgement on the pleadings, those motions are not yet ripe for review and they have not been considered by the court in deciding this motion.

REPORT AND RECOMMENDATION - 1

Plaintiff's were granted *in forma papueris* status and were ordered to file an amended complaint. The original complaint contained no operative facts. (Dkt. # 6). Plaintiffs filed an amended complaint and the court ordered service. (Dkt. # 8 and 9). This motion followed

### STANDARD

A court should dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

In addition to arguing failure to state a claim, Defendant Ellis challenges the complaint on the grounds that plaintiff has failed to exhaust administrative remedies. (Dkt. # 134, pages 8 and 9). The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is normally defendants. Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003). A motion to dismiss for failure to exhaust administrative remedies is an unenumerated 12 (b) motion.

### DISCUSSION

A motion to dismiss tests only the sufficiency of the pleadings. Here there are two paragraphs in the complaint relevant to defendant Ellis. They are ¶'s 4.8 and 4.11. Paragraph 4.8 states:

> ARNP J. Joeseph Long, P.A. Ellis, P.A. Allen Hayter, RN Signor, RN Long, are all health care providers who were directly responsible for refusing to properly or adequately treat Mr. Keal for hypoglycemia, severe allergic reactions, blood in urine and other related medical problems. Between 7-25-03 to 11-19-03 when on 11-17-03 he suffered a severe neck injury. Also responsible for failing to treat his neck injury and hip injuries along with the prior conditions upon his return from 12-26-04 up until 9-12-05 as his diet card was taken for a supplement without a dietitians

REPORT AND RECOMMENDATION - 2

screening causing extreme loss of weight and complication of bodily functions. He/she is being sued in his/her official capacities.

Paragraph 4.11 states:

<u>LPN Heidi Mallogue, RN Long, P.A. Ellis, ARNP J. Joseph</u>, are all health care providers responsible for the daily medical care of inmates. On 3-30-05, Mr. Keal had a number of grand mal seizures as the defendants stood around joking and laughing. Afterwards all staff refused to touch Mr. Keal or even examine him for injuries, showing distinct malice, medical indifference, negligence and malpractice. He/She is being sued in his/her official and individual capacities.

Defendant Ellis argues plaintiff has filed numerous frivolous and vexatious law suits in the past. Defendant mentions twelve state actions and nine federal actions. (Dkt. # 134, Page 3). The court is unsure of the reason defendant Ellis places this information before the court. Defendant argues the plaintiff, Mr. Keal, has failed to exhaust administrative remedies and the case is frivolous or fails to state a claim.

A.   <u>Failure to state a claim</u>.

The court examines the second contention first. For a complaint to be frivolous it must have no basis in fact. Here, plaintiff alleges he suffers from a number of medical issues and that he was the subject of laughter and jokes made by defendants while he was suffering seizures on March 30th, 2005. At this stage of the litigation the court assumes the allegations true. Defendant argues "Nothing in his complaint suggests that any of these ailments was ever diagnosed or confirmed by a physician or other health care provider, rather, Mr. Keal, who does not purport to be a trained medical diagnostician, appears to draw his own self-serving medical conclusions." (Dkt. # 134, page 5).

This argument is unpersuasive at this stage of the pleadings. At the motion to dismiss stage the court assumes the allegations true. Indeed a plaintiff whose medical requests are ignored would never have a contemporaneous medical diagnoses. Further, in response to defendant Ellis's argument, plaintiff submits a number of affidavits supporting his contentions. (Dkt. # 141).

The allegations are sufficient to state a claim for a violation of plaintiff Mr. Keal's Eighth Amendment right to be free from cruel and unusual punishment. The government has an obligation to provide medical care for prisoners, and the Eighth Amendment proscribes deliberate indifference

REPORT AND RECOMMENDATION - 3

to their serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), Such conduct is actionable under 42 U.S.C. § 1983. <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992).

In order to establish deliberate indifference there must first be a purposeful act or failure to act on the part of the defendant. <u>McGuckin</u>, at 1060. A difference of opinion between a prisoner and medical authorities regarding proper medical treatment does not give rise to a section 1983 claim. <u>Franklin v. Oregon, State Welfare Div</u>., 662 F.2d 1337, 1344 (9th Cir. 1981). Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights. <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir. 1988). Second, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. <u>McGuckin</u>, at 1060; <u>Shapely v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

Mr. Keal alleges that as a result of his medical treatment he has suffered weight loss, neck injury resulting in ongoing pain, hip injury, and he states he was laughed at and left untreated while suffering from seizures on March 30th, 2005. (Dkt. # 134). The allegations are sufficient to state a claim.

Defendant Ellis contends plaintiff was placed in a medical room for observation on March 30th, 2005. (Dkt. # 134). Plaintiff contends he was left in the day room and provides a number of affidavits in response to defendant's motion to dismiss. (Dkt. # 141). The court reminds the parties that at the 12 (b) stage the court does not address the merits, only the sufficiency of the compliant.

As the complaint states a claim dismissal at this stage of the proceedings is not appropriate.

B.   <u>Failure to exhaust</u>.

The defendant may go beyond the pleadings and place evidence before the court to prove failure to exhaust. The motion is not a 12 (b) (6) motion, but rather, an unenumerated Rule 12 motion. <u>Wyatt v. Terhune</u>, 315 F3d. 1108 (9th Cir. 2003).

Defendant Ellis does not place any information before the court to prove plaintiff has not raised and exhausted grievances regarding his medical claims. Defendant argues :

> Plaintiff's complaint, in referencing grievances against eight named

REPORT AND RECOMMENDATION - 4

defendants, indicates that Mr. Keal did not submit grievances against Ms. Ellis through an administrative grievance process to exhaust all his administrative remedies through that process. See Amended Complaint at 5-9. The Prison Litigation Reform Act of 1995 (PLRA), amended 42 U.S.C. § 1997e(a), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions.6 This exhaustion requirement applies to virtually all federal claims brought by prisoners. Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing."). The exhaustion requirement is mandatory, and cannot be waived, even when the process is futile or inadequate. Booth v. Churner, 532 U.S. 731, 741 (2001) (Congress mandated the exhaustion of administrative remedies regardless of the adequacy of the administrative procedures to satisfy the inmate's claim). While there is no pleading requirement in the Ninth Circuit to allege exhaustion of administrative remedies (*see* Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003)), here, with his listing of grievances in his complaint against named defendants other than Ms. Ellis, Keal has by implication conceded on the face of his complaint that he has not exhausted his administrative remedies for those accusations he makes against Ms. Ellis. Under these circumstances, the Court may dismiss the complaint against Ms. Ellis under Fed. R. Civ. P 12(b). Wyatt, 315 F.3d at 1119 (failure to exhaust subject to unenumerated Rule 12(b) dismissal); *see also id.* at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal.")

There are two problems with defendants argument. First, as defendant herself notes, there is no pleading requirement, in a civil rights action, that a plaintiff plead and show exhaustion. Thus, Mr. Keal's failure to plead exhaustion is not an admission by implication as argued. Second, Mr. Keal has not conceded failure to exhaust.

The law in this area has recently been examined by the Supreme Court. Woodford v. Ngo, _ U.S. _WL 1698937. (Decided June 22nd, 2006). A plaintiff must properly and fully exhaust all available remedies. While failure to fully exhaust may be a defense to this action defendant Ellis has not placed proof of failure to exhaust before the court. At a minimum the court needs documents or affidavits showing what issues have been raised by plaintiff in the grievance process and what levels of the grievance process plaintiff has exhausted.

The current motion to dismiss should be **DENIED.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

REPORT AND RECOMMENDATION - 5

appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 28th, 2006**, as noted in the caption.

DATED this 5th, day of July, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate

REPORT AND RECOMMENDATION - 6