UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD KEAL *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | Case No. C05-5737RJB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **September 22nd, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The majority of the named defendants in this action are represented by the Washington State Attorney General's Office. These defendants have filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12 (c). (Dkt. # 137). Plaintiffs have responded. (Dkt. # 154). Defendants have replied. (Dkt. # 156). This motion is ripe for review.

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Both parties have submitted large numbers of exhibits and argue exhaustion. Neither party

REPORT AND RECOMMENDATION - 1

1 addresses with any degree of specificity which claims are exhausted or are unexhausted. (Dkt. # 137,
2 154, and 156). In addition defendants argue a number of the named defendants in this action are not
3 persons, that Deborah Keal lacks standing to be a party to this action, that several of the named
4 defendants should be dismissed for lack of personal participation, that the claims against three other
5 defendants are barred by the rulings in Edward v. Balisok, and Heck v. Humphries, and the access to
6 courts claims fail to show actual injury. Edwards v. Balisok, 520 U.S. 641 (1997), Heck v.
7 Humphrey, 512 U.S. 477, 487 (1994).
8     The court has carefully examined the amended complaint, the motion to dismiss, the response
9 and the reply. The court has specifically examined what claims are raised against each defendant and the
10 court concludes the motion should be **GRANTED IN PART AND DENIED IN PART.**
11                            STANDARD
12     Defendants sets forth the standard for dismissal under Fed. R. Civ. P 12 (b) (6) as
13 the standard that applies to a motion to dismiss under Fed. R. Civ. P. 12 (c). However, defendants
14 have raised the affirmative defense of failure to exhaust administrative remedies. (Dkt. # 137).
15 Thus, more than one standard of review is applicable to defendant's motion.
16     A motion to dismiss for failure to exhaust administrative remedies is an unenumerated Fed. R.
17 Civ. P. 12 motion. Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003). The court may consider
18 evidence outside the pleading without converting the motion to a motion for summary judgement.
19 The burden of pleading and proving failure to exhaust administrative remedies in the civil rights
20 context is normally defendants. Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003).
21     Under Fed.R.Civ.P. 12(b)(6) a court should dismiss a claim only if it appears beyond doubt
22 that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.
23 Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,
24 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable
25 legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v.
26 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as
27 admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295
28 REPORT AND RECOMMENDATION - 2

(9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988).

### DISCUSSION

A. <u>Claims by Ronald and Deborah Keal against the State of Washington, the Department of Corrections, Clallam Bay Corrections Center, Stafford Creek Corrections Center, and the Washington State Penitentiary</u>.

Defendants argue the defendants listed above must be dismissed from this action as they are not persons for the purposes of 42 U.S C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a **person** acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981)(emphasis added).

In <u>Will v. Michigan</u> the United States Supreme Court specifically held that state government and branches of state government are not persons for the purpose of 42 U.S.C. § 1983. <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 48, 71 (1989). The Eleventh Amendment to the United States Constitution formed the basis for the court's decision in that case. The Eleventh Amendment prohibits suit for damages against a state in Federal Court.

Absent a waiver, a state cannot be sued in Federal Court for damages. Washington State has not waived immunity or consented to be sued under 42 U.S.C. § 1983 in state or federal court. <u>Rains v. State of Washington</u>, 100 Wn 2d 660 (1983).

Plaintiffs recognize they may not sue state agencies or the state and they argue the state entities may be sued as municipalities. The defendants are in error. A Municipality is a separate and distinct form of government from a state or its subdivisions. Defendants motion as to these defendants should by **GRANTED.**

B. <u>Remaining Claims of Deborah Keal</u>.

Defendants argue Mrs. Keal lacks standing to litigate claims on behalf of her husband and

REPORT AND RECOMMENDATION - 3

they note that a plaintiff must assert their own legal rights.  (Dkt. # 137, page 9).  Defendants are correct.  <u>Conn v. Gabbert</u>, 526 U.S. 286 292-293 (1999).

Plaintiff's have clarified that Mrs. Keal only has one claim.  That claim involves denial of visitation with her husband.  (Dkt. # 154).  The parties disagree over whether the denial involved contact or non-contact visits.  Defendants are correct in noting that a person has no right to contact visits.  <u>Block v. Ruthorford</u>, 468 U.S. 576 (1984).  Given the dispute between the parties on whether the denial involved contact or non-contact visits the court should not dismiss this issue at this stage of the litigation or on the record now before the court

Given plaintiff's clarification the motion to dismiss Mr. Keal should be **DENIED.**  Mrs. Keal's claim is limited to the issue of denial of her visitation with her husband.

C.  <u>Ronald Keal's Claims against defendants Carter, Clarke, Hartford, Joseph, Hayter, Long, Mason, McElravy, Richard Morgan, Sharon Morgan, Rima, Signor, Vail, and Waddington</u>.

Defendants argue the defendants listed above are entitled to dismissal for lack of personal participation.  (Dkt. # 137, page16).  A plaintiff must set forth the specific factual bases upon which he claims each defendant is liable.  <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978).  A theory of respondeat superior is not sufficient to state a claim under Section 1983. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).

Plaintiff counters by citing to the specific paragraphs in the amended complaint, 4.3, 4.6, 4.7, 4.12, 4.28, 430, 4.32, and 4.36.  Plaintiff alleges all the defendants had direct knowledge of alleged violations through grievance appeals, classification appeals, infraction appeals, and the religious dispute resolution process.  (Dkt. # 154, page 10).

Plaintiff  is incorrect for a number of reasons.  Informing a person of an alleged violation after the fact does not make the person liable for the violation.  The court does, however,  have concerns regarding defendants' motion.  Defendants' argument asks the court to consider several exhibits as

REPORT AND RECOMMENDATION - 4

1  substantive evidence when the evidence was originally placed before the court to show failure to
2  exhaust.  The motion before the court is the equivalent to a 12 (b)(6) motion and the court will not
3  go beyond the complaint.

4        Paragraph 4.3 deals with defendant Patricia Rima.  Plaintiff alleges this defendant oversees
5  medical treatment at the Penitentiary and he received inadequate treatment for neck and hip injuries.
6  (Dkt. # 8, page 5 ¶ 4.3).  As worded the complaint fails to state a claim against this defendant.  The
7  only claim raised is under the theory of respondeat superior.  A theory of respondeat superior is not
8  sufficient to state a claim under Section 1983.  Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).
9  While the court liberally construes a pro se plaintiff's complaint, it cannot supply essential facts that
10  the plaintiff has failed to plead.  Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

11        Paragraph 4.6 deals with defendant Associate Superintendent Sherry Hartford.  Plaintiff
12  alleges she is responsible for coordinating and supervising religious activities and the dispute
13  resolution process.  Plaintiff alleges she failed to react to a denial of prayers in the yard until
14  September 1st, 2004.  Plaintiff does not allege defendant Hartford played any part in the alleged
15  denial of prayers. Plaintiff makes further allegations concerning Halal diet, but does not show any
16  authority for the proposition he has an entitlement to this diet.  Further, he does not show this
17  defendant played any part in any decision to allow or prohibit a Halal diet.  As worded the complaint
18  fails to state a claim against this defendant.

19        Paragraph 4.7 deals with Defendant Richard Morgan.  The claims against him are based
20  solely on the theory of respondeat superior.  Plaintiff has failed to state a claim against this
21  defendant.

22        Paragraph 4.12 deals with medical director Sharon Morgan.  Plaintiff alleges she is
23  responsible for the administration of healthcare and oversight of daily operations.  He does not allege
24  she made any health care decision regarding the plaintiff and he names her solely under the theory of
25  respondeat superior.  As worded the complaint fails to state a claim against her.

26        Paragraph 4.28 deals with superintendent Sandra Carter.  Plaintiff alleges this defendant
27  deprived him of a number of "rights" dealing with medical, legal access, property, harassment and

28  REPORT AND RECOMMENDATION - 5

retaliation, excessive force, modifications and Ad. Seg. status, and other claims. Plaintiff provides no information as to what actions this defendant actually took. As worded the complaint fails to set forth the specific factual bases upon which he claims this defendant is liable. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). The allegations are vague and conclusory. As worded the complaint fails to state a claim against this defendant.

Paragraph 4.30 deals with defendant T. McElravy. Plaintiff alleges this defendant "failed to adequately supervise her staff in obtaining a video of Mr. and Mrs. Keal's visit on 10-8-05." Plaintiffs do not allege this defendant personally provided security for this visit or even that this defendant was at the institution on that day. As worded, this claim would be barred. A theory of respondeat superior is not sufficient to state a claim under Section 1983. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).  While the court liberally construes a pro se plaintiff's complaint, it cannot supply essential facts that the plaintiff has failed to plead. <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff also alleges this defendant failed to issue a timely notification to Mrs. Keal telling her her visitation with her husband had been cancelled. Plaintiff claims that as a result Mr.s Keal who is "a disabled person" endured a needless 2 and 1/2 hour trip only to be denied access to the facility. Defendants argue the notice was sent ten days after the incident that prompted the cancellation of visitation. This is an issue better suited for summary judgment and a complete record. Whether a ten day delay in issuing a notice is reasonable or not may well depend on facts that are not before the court.

Paragraph 4.32 deals with defendant Waddington. Plaintiffs allege this defendant failed to timely notify them of the decision to revoke visitation privileges. Plaintiff has arguably stated a claim against this defendant.

Paragraph 4.36 deals with Deputy Director Eldon Vail. Plaintiff alleges Mr. Vail could have released him from IMS status after an infraction was expunged  He also alleges this defendant is "unlawfully holding Mr. Keal on an IMS program after the infraction, which formed the basis for the placement, was expunged."

Defendants note that an inmate has no right to be held at any particular status. (Dkt. # 137.

REPORT AND RECOMMENDATION - 6

Page 20).  Defendants position is correct.  It is well established that an inmate has no right to be held at any particular prison or level of custody even if the transfer works an extreme hardship on the inmate.  Olim v. Wakinekona, 461 U.S. 238 (1983); Meachum v. Fano, 427 U.S. 215 (1976); Hewitt v. Helms, 459 U.S. 460 (1983) .  Defendant Vail is entitled to dismissal for failure to state a claim.

Plaintiff's response to the motion to dismiss does not address defendants Clarke, Joseph, Hayter, Long, Mason, or Signor.  The Paragraph in the complaint that addresses defendant Clarke is paragraph 4.35. Mr. Clarke is the Secretary of the Department of Corrections.  Plaintiff makes no allegation that this defendant directly participated in any action that denied plaintiffs a constitutionally protected right.  As worded the complaint fails to state a claim against this defendant.

Defendants J. Joseph, Allen Hayter, Long, and Signor are health care providers and the allegations concerning them are that the defendants personally refused to adequately treat plaintiff.  (Dkt. # 8, page 6 and 7 ¶ 4.8 and 4.11.  These defendants are not entitled to dismissal at this stage of the proceedings.

The allegations against defendant Mason deal completely with his handling of grievances.  The United States Constitution does not mandate that prison officials allow the filing of grievances or that a prison has a grievance system.  Mann v. Adams, 855 F.2d 639 (9th Cir. 1988)  There is no allegation that this defendant ever participated in any alleged unconstitutional activity.  Plaintiff has no constitutional right to a grievance process and cannot demand a response to grievances that is to his satisfaction.  As worded the complaint fails to state a claim against this defendant.

Defendants also argue the medical health care providers are entitled to dismissal for lack of personal participation regarding plaintiff's alleged hip and neck injury because none of the defendants treated him.  (Dkt. # 137, page 17).  The argument ignores the allegation in the complaint that plaintiff requested treatment and did not receive it.

At this stage of the proceedings plaintiff should be given the opportunity to amend his complaint prior to dismissal of defendants Rima, Hartford, Richard Morgan, Sharon Morgan, Carter, Clarke, Vail, and Mason.  Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).

REPORT AND RECOMMENDATION - 7

D. <u>Dismissal under Edwards v. Balisok and Heck v. Humphrey</u>.

When a person confined by the state is challenging the very fact or duration of his physical custody, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that custody, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that there exists "**no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)). Here, plaintiff seeks to challenge disciplinary hearings but he does no indicate what sanctions he received. (Dkt. # 8).

Defendants argue the consideration of these claims violates the holding of <u>Edwards</u> and <u>Heck</u>. (Dkt. # 137, page 21). <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). Plaintiff argues the infractions were improperly heard by the people who wrote them or that the infractions are retaliatory. (Dkt. # 154, page 11).

If the infractions resulted in loss of good time or denial of earned time defendants' position is correct. If the sanctions did not involve a change in the duration of plaintiff's sentence the claims may proceed.

Plaintiff did not indicate what sanctions he received in the complaint. (Dkt. # 8). Defendants have not placed that information before the court and may not be able to do so at this stage of the

REPORT AND RECOMMENDATION - 8

proceedings. The court cannot decide this issue on the record now before it. The motion to dismiss on this issue should be **DENIED.**

  E.  Exhaustion.

  The parties have placed grievances before the court that were filed under the Department of Corrections grievance system. The parties recognize there are other ways to exhaust an issue but have not placed any other information before the court. Thus, the courts analysis is restricted to what the parties have placed before the court on this issue.

  Defendants contend plaintiff has filed 108 grievances during the time frame relevant to this complaint, but he only exhausted 36 grievances. The Defendants have placed before the court the 36 administrative grievances plaintiff has exhausted. (Dkt. # 137. Exhibits 1 Attachments A through KK). Plaintiff has responded and also placed a number of exhibits before the court. (Dkt. # 154, Exhibits). Review of plaintiff's exhibits shows that only three of the exhibits contain exhausted issues and in each case that exhibit is a duplicate of an exhibit placed before the court by defendants. The duplicates are (Dkt. # 137, Exhibit 1, Attachment "B" Attachment "S" and Attachment "W").

  Defendants seek dismissal based on whether they were named in a grievance. Who was named in a grievance will be relevant in some cases. However, the exhaustion requirement from the Prison Litigation Reform Act requires an inmate to exhaust a claim, not name a specific defendant in the grievance. The court has compared the exhausted grievances against the causes of action in the complaint. In considering the question of exhaustion the court has taken guidance from the habeas corpus exhaustion requirements.

  In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Plaintiff must provide the state officials with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the claim were mentioned. The grievance must fairly bring the issue as its central claim. Id, *citing* Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982).

REPORT AND RECOMMENDATION - 9

Plaintiff's first cause of action is for racial discrimination, religious discrimination, and denial of freedom of religion. (Dkt. # 8, page 4 ¶3.1). There are at least four exhausted grievances supporting the first cause of action. (Dkt. # 137, Exhibit 1, Attachments E, M,N,O).

Plaintiff's second cause of action is for failure to supervise. There is only one exhausted grievance for failure to supervise. This grievance is names Sharon Morgan   (Dkt. # 137, Exhibit 1, Attachment "DD").

There is only one grievances supporting the third cause of action, excessive use of force. (Dkt. # 137, Exhibit 1, Attachments F). This issue is confined to the use of force in the Big Yard at the Washington State Penitentiary on February 2nd, 2004.

Plaintiff's fourth cause of action is an alleged violation of the right to privacy. While there are several grievances which mention requests for a private visiting booth with the Islamic Sponsor the grievances are brought as challenges to the free exercise of religion and not as fourth amendment challenges. This issue is unexhausted.

Plaintiff's fifth cause of action, (Dkt. # 8, page 4, ¶3.5), is an alleged violation for freedom of association. Plaintiff contests the taking of his visits in this claim. (Dkt. # 8, page 4,¶ 3.5). No grievance was filed on this issue. The issue appears unexhausted.

Plaintiff's sixth cause of action (Dkt. # 8, page 4, ¶3.6), alleges Medical Malpractice, negligence and deliberate indifference. The court considers this as an Eighth Amendment Claim. There are a number of grievances supporting this claim.

Plaintiff's seventh claim,(Dkt. # 8, page 4, ¶3.7), again involves the taking of visitation rights and plaintiffs allege slander and defamation. This issue has not been exhausted in the grievance process and neither slander nor defamation are constitutional claims.

Plaintiff's eighth cause of action,(Dkt. # 8, page 4, ¶3.8), is an equal protection due process of law claim and does not appear to be exhausted. None of the grievances are phrased to address this claim or alert prison officials of the claim.

Plaintiff's ninth cause of action, (Dkt. # 8, page 4, ¶3.9), is for retaliation and retaliatory transfers. There are several grievances raising the issue of retaliation. This claim has been

REPORT AND RECOMMENDATION - 10

exhausted.

Plaintiff's tenth cause of action, (Dkt. # 8, page 4, ¶3.10), alleges a denial of access to courts. While plaintiff portrays this claim as a claim under the Sixth Amendment the court considers the issue as raising a claim under the First and Fourteenth Amendment as well.  There are a number of grievances exhausting access to courts issues.

Plaintiff's Eleventh cause of action,(Dkt. # 8, page 4, ¶3.11), alleges abuse of authority. There is not a cause of action for this theory existing as a separate free standing claim.  Further, none of the grievances raise abuse of authority in any recognizable form.  This cause of action must be dismissed.

Plaintiff's twelfth cause of action is misnumbered as 3.13. (Dkt. # 8, page 4, ¶3.13).  Plaintiff alleges unlawful restraint and unlawful imprisonment.  Any claim relating to length or duration of imprisonment is barred.  Edwards v. Balisok, 520 U.S. 641 (1997), Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Plaintiff's thirteenth cause of action, (Dkt. # 8, page 5, ¶ 3.14), alleges physical and mental abuse in the IMU.  There are a number of exhausted grievances relating to this cause of action.  The claim is exhausted.  The issue of whether plaintiff can state a claim for mental abuse without physical injury was not placed before the court.

Plaintiff's fourteenth cause of action, (Dkt. # 8, page 5, ¶ 3.15), alleges a violation of plaintiffs First Amendment Freedom of speech rights.  No grievance addresses this issue.  The cause of action is unexhausted.

Plaintiff's final cause of action, (Dkt. # 8, page 5, ¶ 3.16) is an alleged violation of plaintiff's common law rights. Plaintiff must remember that in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct **deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States**.  Parratt v. Taylor, 451 U.S. 527, 535 (1981)(emphasis added).

Common law rights are not secured by the Constitution and are therefore not protected by 42

REPORT AND RECOMMENDATION - 11

U.S.C. § 1983. The Ninth Amendment to the Constitution did not grant a right to any person. The Ninth Amendment simply indicates that the rights people had at common law were not abrogated by the passage of the Constitution. The Ninth Circuit has indicated that alleged violation of a right secured at common law does not give rise to any cause of action under 42 U.S.C. § 1983. Strandberg v. City of Helena, 791 F.2d 744, 748-749 (9th Cir. 1986).

In arguing exhaustion defendants cites to a number of other Circuit cases for the proposition that a mixed action containing both unexhausted and exhausted claims must be dismissed in its entirety. (Dkt. # 137 pages 3 to 5). This court is required to follow controlling Ninth Circuit precedent. On November 1st, 2005 the Ninth Circuit rejected the position taken by the Sixth and Tenth Circuits and held that when a complaint contains exhausted and unexhausted twelve the case may go forward as to the exhausted claims. Lira v. Herrera, 427 F3d. 1164 (9th Cir. 2005).

The court in Lira, held:

> Having rejected defendants' suggestion that we adopt a total exhaustion-dismissal rule, we are left with a more discrete question: how should district courts proceed in cases in which the plaintiff has filed complaints with both exhausted and unexhausted claims?
> In light of § 1997e(a)'s text and the policy rationales surrounding its adoption and application according to Ninth Circuit and Supreme Court law, we believe that a dual rule is appropriate. We hold that the proper treatment of a mixed complaint should depend on the relatedness of the claims contained within.
> When a plaintiff has filed a "mixed" complaint and wishes to proceed with only the exhausted claims, a district court should simply dismiss the unexhausted claims when the unexhausted claims are not intertwined with the properly exhausted claims. This is likely to be the ordinary case in PLRA suits, where plaintiffs often raise several unrelated claims in a single lawsuit. See Ortiz, 380 F.3d at 661 (noting that § 1983 suits "routinely seek to address more than one grievance-sometimes a laundry list of grievances-relating to different events or circumstances"). Here, for example, Lira raised some issues that had nothing to do with his gang status or administrative segregation confinement. The district court addressed those issues on the merits and resolved them, considering the total exhaustion-dismissal rule only thereafter.

Lira v. Herrera, 427 Fd. 3d, 1164, 1175 (9th Cir. 2005).

The motion to dismiss for failure to exhaust should be **granted in part and denied in part.** Consistent with this report, plaintiff's fourth, fifth, seventh, eighth, eleventh, twelfth, fourteenth, and fifteenth causes of action should be dismissed for failure to exhaust or failure to state a claim.

Plaintiff may be able to avoid dismissal by showing the claim was subject to another

REPORT AND RECOMMENDATION - 12

1  administrative appeal process and that that process has been exhausted. Defendants have met the
2  burden by showing what issues where exhausted in the grievance process.

3      F.    <u>Access to courts</u>.

4      Defendants argue plaintiff has failed to allege any actual injury in the complaint relating to
5  court access.  The United States Supreme Court has held that prisoners have a constitutional right of
6  meaningful access to the courts premised on the Due Process Clause.  <u>Bounds v. Smith</u>, 430 U.S.
7  817, 821 (1977).  Such access requires prison authorities to "assist inmates in the preparation and
8  filing of meaningful legal papers by providing prisoners with adequate law libraries <u>or</u> adequate legal
9  assistance from persons trained in the law."  <u>Bounds</u>, 430 U.S. at 828 (emphasis added); <u>Storseth v.
10 Spellman</u>, 654 F.2d 1349, 1352 (9th Cir. 1981).

11     The Ninth Circuit has determined that "right of access" claims that do not allege inadequacy
12 of the law library or inadequate assistance from persons trained in the law, must allege an "actual
13 injury" to court access.  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).  An "actual injury"
14 consists of some specific instance in which an inmate was actually denied access to the courts.  <u>Id</u>.
15 Only if an actual injury is alleged may plaintiff's claim survive.  <u>Id</u>.

16     Defendants are correct in noting that plaintiff does not set forth any facts showing actual injury.
17 The allegations in the complaint are conclusory.  Plaintiff may be able to cure this defect with
18 amendment.

19                               <u>CONCLUSION</u>

20     The motion to dismiss should be **GRANTED IN PART NAD DENIED IN PART**
21 consistent with this Report and Recommendation.  Plaintiff should be given leave to file an amended
22 complaint that addresses the issues in the Report but raised no new issues and names no new parties.  A
23 proposed order accompanies this Report and Recommendation.

24     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
25 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
26 R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
27 appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

28 REPORT AND RECOMMENDATION - 13

72(b), the clerk is directed to set the matter for consideration on **September 22nd, 2006**, as noted in the caption.

DATED this 31st day of August, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate

REPORT AND RECOMMENDATION - 14