UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD KEAL *et al.* ,

        Plaintiffs,

    v.

THE STATE OF WASHINGTON, *et al.*,

        Defendants.

Case No. C05-5737RJB

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**September 22nd, 2006**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Defendant Heide Malloque has filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P 12 (c).  (Dkt. # 139).[1]  Plaintiffs have responded.  (Dkt. # 152). Defendant Malloque has replied.  (Dkt. # 155).  This motion is ripe for review.

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

---

[1]    Either the plaintiff or the court misspelled defendants last name in this case and she is listed as defendant Mallogue.  The court has tried to consistently refer to the defendant as Malloque.

REPORT AND RECOMMENDATION - 1

1    Both parties have incorporated briefing and exhibits from other pleadings.  (Dkt. # 139 and 152).

2    The parties are instructed to read and follow Local Rule 6 (b)(6) and Local Rule 10 (11).  The court

3    expects citations that lead to the material the party wishes the court to consider and simply incorporating

4    another brief or exhibits from another brief is improper.  The court has considered the materials cited.

5

6    Plaintiffs were granted *in forma papueris* status and were ordered to file an amended complaint.

7    The original complaint contained no operative facts.  (Dkt. # 6).  Plaintiffs filed an amended complaint

8    and the court ordered service.  (Dkt. # 8 and 9).  This motion followed

9    The court has considered the pleadings and the file and concludes the motion to dismiss Deborah

10   Keal's claims against defendant Malloque should be **GRANTED**.  The remainder of the motion should

11   be **DENIED**.

12                                    STANDARD

13   Defendant Malloque sets forth the standard for dismissal under Fed. R. Civ. P 12 (b) (6) as

14   the standard that applies to a motion to dismiss under Fed. R. Civ. P. 12 (c).  However, defendant

15   Malloque has raised the affirmative defense of failure to exhaust administrative remedies.  (Dkt. #

16   139).  Thus, it appears more than one standard of review may be applicable to defendant's motion.

17   A motion to dismiss for failure to exhaust administrative remedies is an unenumerated Fed. R.

18   Civ. P. 12 motion.  Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003).  The court may consider

19   evidence outside the pleading without converting the motion to a motion for summary judgement.

20   The burden of pleading and proving failure to exhaust administrative remedies in the civil rights

21   context is normally defendants.  Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003).

22   Under  Fed.R.Civ.P. 12(b)(6) a court should dismiss a claim only if it appears beyond doubt

23   that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief.

24   Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41,

25   45-56 (1957).  Dismissal for failure to state a claim may be based on either the lack of a cognizable

26   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v.

27   Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

28   REPORT AND RECOMMENDATION - 2

1   admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295

2   (9th Cir. 1983).  However, a plaintiff must plead factual allegations with specificity; vague and

3   conclusory allegations fail to state a claim for relief.  Colburn v. Upper Darby Township, 838 F.2d

4   663, 666 (3rd Cir. 1988).

5                                          DISCUSSION

6        Defendant Molloque argues she is entitled to dismissal because:

7        1.      Plaintiff Deborah Keal has no standing to bring a claim against Defendant Malloque.

8        2.      Defendant Ronald Keals complaint contains both unexhausted and exhausted claims
                 and the entire complaint must therefore be dismissed.

9

10       3.      Failure to allege personal participation.

    (Dkt. # 139).

11
         A.      The Claims of Deborah Keal.

12
         The only mention of Defendant Malloque in the amended complaint is in ¶ 4.11.  Paragraph

13
    4.11 states:

14

15       LPN Heidi Malloque, RN Long, P.A. Ellis, ARNP J. Joseph, are all health care
         providers responsible for the daily medical care of inmates.  On 3-30-05, Mr. Keal
16       had a number of grand mal seizures as the defendants stood around joking and
         laughing.  Afterwards all staff refused to touch Mr. Keal or even examine him for
17       injuries, showing distinct malice, medical indifference, negligence and malpractice.
         He/She is being sued in his/her official and individual capacities.

18

19   (Dkt. # 8, ¶ 4.11).  This portion of the complaint has nothing to do with Deborah Keal and defendant

20   Malloque properly noted that Deborah Keal may not maintain an action for a third party.

21       In the response to this motion plaintiffs declare that Mrs. Keal's claim involves termination of

22   "non-contact visits."  (Dkt. # 152 page 2).  There is nothing in either the complaint or the response

23   to this motion indicating defendant Malloque played any part in the alleged decision to terminate

24   non-contact visits.  Thus, Mrs. Keal does not assert any claim against defendant Mallogue.

25   Defendant Malloque's motion to dismiss Mrs Keal's claims against her should be **GRANTED**.

26       B.      Exhaustion of administrative remedies as to Ronald Keal.

27       Defendant Malloque cites to a number of Sixth and Tenth Circuit cases for the proposition

28   REPORT AND RECOMMENDATION - 3

1   that a mixed action containing both unexhausted and exhausted claims must be dismissed in its

2   entirety.  (Dkt. # 139, pages 3 to 5).  This court is required to follow controlling Ninth Circuit

3   precedent.  On November 1st, 2005 the Ninth Circuit rejected the position taken by the Sixth and

4   Tenth Circuits and held that when a complaint contains exhausted and unexhausted claims the case

5   may go forward as to the exhausted claims.  Lira v. Herrera, 427 F3d. 1164 (9th Cir. 2005).

6        The court in Lira, held:

7           Having rejected defendants' suggestion that we adopt a total
exhaustion-dismissal rule, we are left with a more discrete question: how should

8   district courts proceed in cases in which the plaintiff has filed complaints with both
exhausted and unexhausted claims?

9           In light of § 1997e(a)'s text and the policy rationales surrounding its adoption
and application according to Ninth Circuit and Supreme Court law, we believe that a

10   dual rule is appropriate. We hold that the proper treatment of a mixed complaint
should depend on the relatedness of the claims contained within.

11           When a plaintiff has filed a "mixed" complaint and wishes to proceed with
only the exhausted claims, a district court should simply dismiss the unexhausted

12   claims when the unexhausted claims are not intertwined with the properly exhausted
claims. This is likely to be the ordinary case in PLRA suits, where plaintiffs often raise

13   several unrelated claims in a single lawsuit. See Ortiz, 380 F.3d at 661 (noting that §
1983 suits "routinely seek to address more than one grievance-sometimes a laundry

14   list of grievances-relating to different events or circumstances"). Here, for example,
Lira raised some issues that had nothing to do with his gang status or administrative

15   segregation confinement. The district court addressed those issues on the merits and
resolved them, considering the total exhaustion-dismissal rule only thereafter.

16   Lira v. Herrera, 427 Fd. 3d, 1164, 1175 (9th Cir. 2005).

17

18        Plaintiff's claims are not intertwined.  The court now must determine if the medical deliberate

19   indifference Eighth Amendment claim against defendant Malloque was administratively exhausted.

20        The defendants represented by the State of Washington's Attorney General's Office have also

21   moved for dismissal.  (Dkt. # 137). As exhibits to their motion they have placed before the court

22   grievances filed by Mr. Keal.  Exhibit 1, Attachment X involves the incident that forms the bases for

23   ¶ 4.11 in the amended complaint.  The exhibit shows a level two and level three response.  (Dkt. #

24   139-4, Exhibit 1, Attachment X, (pages 33 and 34 of 139-4)).  The state defendants have indicated

25   there is a four level system with levels zero through three.  (Dkt. # 139, page 3).  Thus, a level three

26   response shows exhaustion of the available administrative remedies.  Defendant Malloque's motion

27   should be **DENIED** as to this issue.

28   REPORT AND RECOMMENDATION - 4

1      C.      Personal Participation as to defendant Keal.

2          Defendant Malloque argues she is entitled to dismissal for lack of personal participation.

3   (Dkt. # 137, pages 5 and 6).  Plaintiff must allege facts showing how individually named defendants

4   caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637

5   F.2d 1350, 1355 (9th Cir. 1981).   A § 1983 suit cannot be based on vicarious liability alone, but

6   must allege the defendants' own conduct violated the plaintiff's civil rights.  City of Canton v. Harris,

7   489 U.S. 378, 385-90 (1989).

8          Here, plaintiff makes sufficient allegations with regard to the personal participation of

9   Defendant Malloque.  At the start of paragraph 4.11 Plaintiff names a group of health care providers,

10   including defendant Malloque. He then alleges that on March 30th, 2005 he suffered a number of

11   seizures and this group of medical providers, which includes the defendant, refused to provide

12   medical assistance and "stood around joking and laughing."  (Dkt. # 8, ¶ 4.11).

13          The motion to dismiss should be **DENIED** as to this issue.  A proposed order accompanies this

14   Report and Recommendation.

15          Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the

16   parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.

17   R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

18   appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

19   72(b), the clerk is directed to set the matter for consideration on **September 22nd, 2006**, as noted in

20   the caption.

21

22          DATED this 31st day of August, 2006.

23                          */S/ J. Kelley Arnold*
                           J. Kelley Arnold
24                          United States Magistrate

25

26

27

28   REPORT AND RECOMMENDATION - 5