UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD KEAL *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>THE STATE OF WASHINGTON, *et al.*, <br><br>Defendants. | Case No. C05-5737RJB <br><br>REPORT AND RECOMMENDATION <br><br>**NOTED FOR:** <br>**OCTOBER 13TH, 2006** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is Plaintiff's "Emergency Motion for a Temporary Restraining Order." (Dkt. # 158).  Plaintiff asks for an order enjoining defendants from retaliation.  Mr. Keal describes his issues as follows:

1. Denial of legal calls. (Prison officials will no longer let him make "legal calls" to attorneys unless he can show there is a client attorney relationship between him and the attorney he is trying to call).

2. Legal Access.

3. Document evidence.

4. Witness statements pertaining to this case.

5. Denial of adequate medical treatment.

REPORT AND RECOMMENDATION - 1

      6.     Denial of medical records.

      7.     Opening of legal mail

(Dkt. # 158, page 1). He asks the motion be granted without notice to the defendants, however, the motion was noted for three weeks from the date of filing and defendants have responded. (Dkt # 161). While the motion is signed by both plaintiffs it appears to the court that the signature blocks were executed by the same person as the printing is similar. Plaintiffs are warned that where both parties must sign a document and one party is executing the signature, a notation to the court such as "signed with the approval" is needed. (Dkt. # 158).

Defendants represented by the Washington State Attorney General's Office have responded to plaintiff's motion, addressed Mr. Keal's issues individually, and oppose the motion. (Dkt. # 161).

Having reviewed the exhibits, argument, and the record, the court recommends the motion be **DENIED.**

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Id</u>. (citations omitted).

## DISCUSSION

      1.     <u>Legal calls</u>.

The record placed before the court shows Mr. Keal has tried to make numerous legal phone calls to attorneys who do not represent him. (Dkt # 158 Exhibit 2); (Dkt. # 161, Exhibits 1,

REPORT AND RECOMMENDATION - 2

Attachments C and E). Mr. Keal is in violation of the Department of Corrections legal call policy which allows for calls to a person's attorney.

Legal calls are not made on the normal monitored phone lines. The inmates counselor must make arrangements for the call. Here, Mr. Keal's counselor contacted the attorneys and learned there is no client attorney relationship with Mr. Keal and the attorneys refused to accept the collect calls. (Dkt. # 161, Page 6, Exhibit 1, Attachment E). In one instance the person Mr. Keal was trying to call was no longer an active bar member. (Dkt. # 158, Exhibit 2).

Mr. Keal was placed on restrictions as a result of his abuse of the system. He may still make a legal call but to do so he must be able to verify the person he is trying to call is his attorney.

Mr. Keal fails to show any injury. His relationship and ability to speak with an attorney who represents him has not been impaired.

    2.    <u>Legal Access</u>.

Mr. Keal complains because prison officials have confiscated a video tape from him. The tape is allegedly from the visiting room on the day Mr. Keal and Mrs. Keal lost their visiting privileges. (Dkt. # 158, Exhibit 3).

Prison officials indicate inmates are not allowed to have video tapes and the tape was allowed in to another prison in error. (Dkt # 161, Exhibit 1). Pursuant to policy Inmates are only allowed to view video tape of court proceedings. While the video tape in question may be evidence, plaintiff has not shown injury. Nothing appears to prevent him from having the tape sent to court. There is no motion before the court to allow him to view the tape. Again, plaintiff has not shown injury.

    3.    <u>Copies</u>.

Mr. Keal complains he cannot challenge loss of good time in a Personal Restraint Petition or Writ "by using documents to base my pleadings upon and use as exhibits."  (Dkt. # 158, Exhibit 3). The court interprets the pleadings as a request for free copies of records in the Department of Corrections possession.

Plaintiffs are proceeding *in forma pauperis*, however, this status does not waive the costs associated with litigation other than the filing fee. Plaintiffs must pay for all other costs of litigation,

REPORT AND RECOMMENDATION - 3

including the cost of obtaining original copies of documents such as medical records, or information in his files. Thereafter, copies are provided (debited against the inmates account) to an *in forma pauperis* inmate. Plaintiff has failed to show any actual injury. Further, he has failed to plead, with any specificity, what documents he is requesting or why the documents are necessary to this action.

The court notes plaintiff is using exhibits in his possession to support this motion, thus, prison officials will copy pleadings which have documents attached as exhibits. (Dkt. # 158). At the current time plaintiff is not entitled to relief on this issue.

4.    <u>Inmate to inmate correspondence, (witness statements)</u>.

Plaintiff alleges he sent a request for inmate to inmate correspondence to his counselor but did not receive a response. (Dkt. # 158, Exhibit 3). Defendants indicate they did not receive a request for inmate to inmate correspondence. (Dkt. # 161). This appears to be the issue raised by plaintiff as "denial of witness statements pertaining to this case." (Dkt. # 158, page 1). Plaintiff references exhibit 5 in his pleadings but does not articulate this issue with any degree of specificity.

Plaintiff indicates he wishes to correspond with five inmates whom he identifies in a letter to Richard Morgan. (Dkt. # 158, Exhibit 5). He does not indicate what information he believes the five inmates may have, or why he cannot place this evidence before the court through another means, such as his own affidavit. Again, plaintiff fails to show injury. Plaintiff should renew his request to prison authorities using the proper channel, not a letter to the superintendent. This will provide prison officials the opportunity to properly address this issue and clarify the record prior to any court intervention.

5.    <u>Medical Treatment</u>.

Mr. Keal alleges he is being denied adequate medical treatment for his hip, his back, and a chipped tooth. (Dkt. # 158 Exhibits 1, 6,).

The record shows Mr. Keal suffers from degenerative disk disease and is being treated for that condition. (Dkt. # 158, Exhibit 6). The legal standard with regard to a claim of this nature is fairly well established. An inmate's Eighth Amendment rights are violated if he or she is treated with deliberate indifference to his or her serious medical needs. *See* <u>Estelle v. Gamble</u>, 429 U.S. 97, 106

REPORT AND RECOMMENDATION - 4

(1976); Jones v. Johnson, 791 F.2d 769, 771 (9th Cir. 1986). The indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." Estelle, 429 U.S. at 105-106; see Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988). Similarly, a difference in opinion as to diagnosis or treatment does not establish a constitutional violation. Shields v. Kunkle, 442 F.2d 409, 410 (9th Cir. 1971).

Plaintiff's conclusory allegation that the treatment he is receiving is "inadequate" does not fulfill the requirement for injunctive relief. Mr. Keal has not shown he will suffer irreparable injury if the relief is denied. He has failed to meet his burden of proof with regards to this issue.

Mr. Keal also complains he chipped a tooth, (Dkt. # 158, Exhibit 1). He fails to show prison officials refuse to see him or treat him for this alleged injury. Again, plaintiff has failed to show he is entitled to injunctive relief.

6. Medical records.

Plaintiff does not articulate this claim with any degree of specificity. The record shows plaintiff is able to obtain and present medical records to this court. (Dkt. # 158, Exhibit 6). The court does not know what specific problem or issue the plaintiffs are asking the court to address. This portion of the motion does not warrant further consideration at this time given the vagueness of the pleading.

7. Opening of legal mail.

In support of his request for injunctive relief on this issue plaintiff provides a number of documents. (Dkt. # 158, Exhibit 7). The first is an envelope from "Merrick, Holfstedt & Lindsay, P.S.". The envelope is not marked as legal mail and plaintiff has not provided any information as to the contents of the letter. The notation from the corrections officer delivering the letter indicates the correspondence was opened on delivery.

If plaintiff wishes to have correspondence treated as legal mail he needs to instruct his counsel to clearly mark the envelop as "Legal Mail." While the return address may have alerted a person to the chance the mail was legal correspondence, the address is not dispositive of that fact and there is not any invocation of the client attorney relationship.

REPORT AND RECOMMENDATION - 5

Plaintiff's next exhibit is a form allowing Mr. Keal to correspondence with his wife as they are co-parties to this litigation.  The response shows that correspondence between Mr. and Mrs. Keal is subject to search and will not be treated as legal mail.  (Dkt. # 158, Exhibit 7).

The legality of prison officials searching incoming or outgoing mail to determine if it contains information that endangers the orderly operation of a facility is well settled.  <u>Thornburgh v. Abbott</u>, 490 U. S. 401 (1989).  By becoming co-plaintiffs the plaintiff's do not in anyway lessen the reasoning or justification allowing search of correspondence between Mr. and Mrs. Keal.  Inmate to spouse communication is simply not entitled to the same protection as correspondence to an attorney or the court.  Plaintiff fails to show irreparable harm or that the balance of potential harm favors the moving party.

Further, Mr. Keal may not seek injunctive relief on this issue until and unless he exhausts all administrative remedies available to him prior to seeking injunctive relief.  <u>Jones v Carlson</u>, 495 F.2d 209 (5th Cir. 1974).  Although not controlling authority the analysis of this Fifth circuit case is further supported by the passage of the Prison Litigation Reform Act which requires inmates exhaust administrative remedies prior to filing suits regarding conditions of confinement.  Plaintiff's are not entitled to relief on this issue.

        8.      <u>Potpourri</u>.

The forgoing Report addresses all issues in petitioner's motion for injunctive relief.  Exhibits attached to the motion (Dkt. # 158) make reference to other areas of dissatisfaction, (see Dkt. 158-8), which are not issues raised in the motion.  This is called to the District Judge's attention to assure the court that this writer is not overlooking those issues, but does not see them as relevant to the case at bar.

CONCLUSION

Plaintiffs have failed to show they are entitled to any injunctive relief in this action.  Accordingly, the motion should be **DENIED.**  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.

REPORT AND RECOMMENDATION - 6

*See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 13th, 2006**, as noted in the caption.

      DATED this 14th day of September, 2006.

                              <u>/S/ J. Kelley Arnold</u>
                              J. Kelley Arnold
                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 7