UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD AND DEBORAH KEAL,

Plaintiffs,

v.

STATE OF WASHINGTON *et al.*,

Defendants.

Case No. C05-5737RJB

ORDER ON MOTIONS FILED BETWEEN NOVEMBER 29, 2006 AND DECEMBER 28, 2006

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The plaintiffs are proceeding *in forma pauperis.* (Dkt. # 4). Before the court are nine motions filed in a one month time frame. The motions include:

1. Plaintiff's motion to stay the proceedings until an objection regarding a denial of a discovery objection is heard (Dkt. # 208, filed November 29, 2006).

2. Plaintiff's motion to file an over length brief regarding summary judgment (Dkt. # 209, filed November 29, 2006).

3. Plaintiff's objections to an order denying an extension of time to conduct discovery (Dkt. # 210, filed December 1, 2006).

4. Plaintiff's second motion to stay this action pending a ruling on the objections to the order denying an extension of discovery (Dkt. # 211, filed December 1, 2006).

5. Plaintiff's second motion to file an over length brief regarding summary judgment (Dkt. # 212, filed December 1, 2006).

6. A letter from Plaintiffs asking for a ruling on their objections motion prior to a ruling on the summary judgment motions (Dkt. # 214, filed December 4, 2006).

7. Plaintiff's motion for an extension of time to respond to the summary judgement

ORDER - 1

    motions filed by defendants (Dkt. # 215, filed December 4, 2006).

8.  Plaintiff's third motion to stay this action (Dkt. # 225, filed December 15, 2006).

9.  Defendant's motion to strike a supplemental response to the pending summary judgment motions (Dkt. # 227, filed December 28, 2006).

The court considers the objections to the ruling denying an extension of time to conduct discovery as a motion for reconsideration (Dkt. # 210). On March 21, 2006, the court entered a Scheduling Order that gave the parties seven months to conduct discovery (Dkt. # 86).  Discovery was to be completed by October 27, 2006.  Three months later the court found it necessary to briefly stay this action as a case management tool (Dkt. # 147). The stay lifted by its own accord 41 days after it was entered (Dkt. # 147).

The parties actively pursued discovery in this case and there were motions regarding discovery filed with the court (Dkt. # 164).  The court noted, plaintiffs pursued discovery even during the time frame when the action was stayed (Dkt. # 177). On October 19, 2006, plaintiffs moved for an extension of time to conduct discovery (Dkt. # 182). The motion was denied (Dkt. # 191).  In making that ruling the court noted the time frame for discovery and found plaintiffs had not shown good cause for any extension (Dkt # 191).

Plaintiffs now object.  Plaintiff's first argument is that a court cannot grant summary judgment against a party who has not had an opportunity to conduct discovery (Dkt # 210. Page 1). Plaintiffs have had seven months to conduct discovery and continued with discovery requests even while the action was stayed. While plaintiffs claim the discovery he is seeking is "exculpatory" he does not identify what information he is seeking or explain why he did not conduct discovery during the proper time frame (Dkt. # 210).  The motion for reconsideration is **DENIED**.

Plaintiffs have filed three motions to stay this action (Dkt. # 208, 211, and 225).  The court notes Dkt. 208 and 211 are identical. Both these motions ask the court to stay the action until the objections regarding discovery have been ruled on. The court has ruled on the objections to the discovery issue and these two motions are **DENIED AS MOOT**.

In the third motion, plaintiffs ask the court to stay this action and leave the record open so he

ORDER - 2

can conduct further discovery. Plaintiffs seek to obtain a neurologist opinion or examination. Plaintiffs also state they wish to submit additional exhibits. Discovery in this action closed October 27, 2006. Further, plaintiffs have filed a response to the pending motions for summary judgment. The motion is **DENIED.**

The next two motions the court considers are plaintiff's motions to file an over length brief in response to the motions for summary judgment (Dkt. # 209 and 212). The Court will consider the response filed December 11, 2006 (Dkt # 218, 219). The motions are **GRANTED.** The filing of a response makes plaintiff's motion for an enlargement of time, (Dkt. # 215) **MOOT.**

The final motion before the court is Defendant's motion to strike plaintiff's supplemental exhibits (Dkt. # 227). One day before the defendant's summary judgment motions were noted, plaintiffs filed additional exhibits (Dkt. # 223, 224). There is no certificate of service and defendant's counsel alleges the exhibits were not served on her. Counsel states the filing of this exhibit at this late date and without service on the opposing party is prejudicial (Dkt. # 227 Counsel avers "Defendants chose not to reply to Plaintiff's Brief in Opposition, although they would have replied to Plaintiff's Brief in Opposition if Exhibit 41 had been included with it." (Dkt. # 227, Page 2). Defendants note the Exhibit contains unauthenticated documents and what appears to be "expert" testimony.

Defendant position is well taken. The Federal Rules of Civil Procedure and the Local Rules of this court allow for a motion, a response, and a reply. Allowing late or a partial response places the moving party in a position where they cannot file a proper reply or must submit the documents late and ask for leave of court. The motion is **GRANTED.** The court will not consider Dkt. # 223, 224 or exhibit 41. The filing will remain in the record.

The clerk is directed to send a copy of this order to plaintiffs and counsel for defendants.

DATED this 5th, day of January 2007.

          */S/ J. Kelley Arnold*
          J. Kelley Arnold
          United States Magistrate Judge

ORDER - 3