# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RONALD KEAL *et al.* , <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF WASHINGTON, *et al.*, <br><br> Defendants. | Case No. C05-5737RJB <br><br> REPORT AND RECOMMENDATION <br><br> **NOTED FOR:** <br> **JUNE 29, 2007** |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Defendants moved for summary judgment and the court entered a Report and Recommendation that recommended granting in part and denying in part the summary judgment motion (Dkt. # 240). This matter is before the court on re-referral.

## STEVEN WEED

One of the claims involved a November 17 2003, use of force. The only defendant named in this

REPORT AND RECOMMENDATION - 1

claim is Steven Weed.  The plaintiff asserting this claim is Mr. Keal.  The court recommended the motion be denied as the motion did not address this particular claim (Dkt. # 240).

Defendants objected and argued this claim was dismissed in a pervious Order.  That Order adopted a prior Report and Recommendation where the court found the use of force claim against Steven Weed was unexhausted (Dkt. # 244, citing to Dkt. # 162 (Report and Recommendation pages 9 to 14)).

The parties have been allowed to submit additional briefing (Dkt. # 254, 255, 258).  Defendants show that the use of force claim against Steven Weed was dismissed as unexhausted.  In August of 2006 this court methodically examined grievances filed by Mr. Keal and determined the only use of force claim he had exhausted arouse out of an allegation of use of force occurring on February 2, 2004.  This use of force did not involve Steven Weed.  All other use of force claims were dismissed as unexhausted (Dkt. # 176 (Order adopting Report and Recommendation)).  Plaintiff included this claim against Steven Weed in a subsequent amended complaint even though it had been dismissed (Dkt. # 183).

In response to defendant's supplemental briefing, plaintiffs now argue the claim against Steven Weed was exhausted because Mr. Keal could not file a grievance on an issue where he had received an infraction (Dkt. # 255).  Plaintiffs cite to WAC 137-28-260 *et. seq.* for this proposition (Dkt. # 255 page 1).  This section of the Washington Administrative Code does not support plaintiff's argument.  WAC 137-28-260 is a list of serious infractions.  Plaintiffs argue Mr. Keal filed his grievance when his infraction was dismissed on December 29, 2003 and the grievance was held to be untimely (Dkt. # 255).

Defendants reply and note that Mr. Keal could not file a grievance over receiving an infraction or regarding the sanctions from a guilty finding.  This is because the discipline process is covered by its own appeal process.  Nothing prevented plaintiff from filing a staff misconduct grievance regarding Steven Weeds use of force in November 17, 2003 (Dkt. # 258, page 2).  Defendant's position is supported by evidence previously placed in the record, (Dkt # 137, Exhibit 1 ¶ 4 and 5 affidavit of Devon Schrum, page 2).  Thus, this claim is unexhausted.

The Prison Litigation Reform Act of1995 (PLRA), amended 42 U.S.C. § 1997e(a), requires

REPORT AND RECOMMENDATION - 2

a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement applies to virtually all federal claims brought by prisoners. Porter v. Nussle, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing."). The exhaustion requirement is mandatory, and cannot be waived, even when the process is futile or inadequate. Booth v. Churner, 532 U.S. 731, 741 (2001). Thus, this claim cannot proceed. Defendant Weed is entitled to dismissal.

## GALE MUNDEN AND BOB MOORE

Also raised in the plaintiff's briefing is an issue regarding service of process on two defendants. These two persons are Gale Munden and Bob Moore (Dkt. # 255). In March of this year the court entered an order adopting a Report and Recommendation (Dkt. # 252). The Honorable Judge Bryan addressed the service issue and stated "plaintiffs should be afforded an opportunity to effect service on these defendants and to demonstrate why the case should not be dismissed for failure to prosecute as to these defendants." Plaintiff was ordered to show cause why claims against Munden and Moore should not be dismissed for failure to prosecute and to effect proper service (Dkt. # 252, page 19).

Normally a person has 120 days to serve the defendants. Federal Rule of Civil Procedure 4(m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). This case was filed November 14, 2005. To date no proff of service has been filed.

The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not

REPORT AND RECOMMENDATION - 3

mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

Plaintiffs respond and indicate they believe the defendants were served. They cite to Dkt. # 84. Dkt. # 84 is an order directing service be attempted on four other defendants. It does not indicate any defendant has received service by mail and waived formal service. Plaintiffs have failed to show good cause for not effecting timely service on these two persons. Defendants Munden and Moore should be dismissed from this action **Without Prejudice**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 29, 2007**, as noted in the caption.

DATED this 5, day of June, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate

REPORT AND RECOMMENDATION - 4